UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           Case No: 1:18-cv-22469-JLK

KENNETH L. MCMULLEN,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

KENNETH L. MCMULLEN (the "Defendant"), by and through undersigned counsel, files this *Motion for Partial Summary Judgment* (the "Motion"), as to the application of the doctrine of laches, and respectfully requests this Court to enter an order that limits any judgment on pre-suit accrued interest, and in support thereof, states as follows:

### Statement of Material Facts

1. On June 19, 2018, Plaintiff initiated this litigation by filing a Complaint (DE 1) with the Court.

2. In the Complaint, the Plaintiff alleges a current principal balance due of $2,194.78, and a current interest balance and accrued interest due of $5,377.83, for a total amount due of $7,572.61.

3. The subject debt has accrued interest from April 9, 1081 to the present.

4. On October 10, 2018, Defendant filed an Answer and Affirmative Defenses to the Complaint (DE 12).

5. On October 23, 2018, the Court entered a scheduling order that set pre-trial

deadline (DE 14).

6. The deadline for motion practice with the Court is May 13, 2019.

7. This Motion is timely.

## Legal Analysis

8. "Laches is an equitable doctrine designed to prevent unfairness to a defendant due to a plaintiff's delay in filing suit in the absence of an appropriate statute of limitations." *EEOC v. Dresser Indus., Inc.,* 668 F.2d 1199, 1201-02 (11th Cir. 1982).

9. The statute of limitations for an action for repayment of a defaulted student loan was eliminated by statute. 20 U.S.C. § 1901a.

10. Defendant does not contest that laches, as a complete defense to the instant Complaint, is typically found to be inapplicable to the collection of a federally-financed student loan. *See, e.g., United States v. Foreman*, 2016 U.S. Dist. LEXIS 47961, at *13 (M.D. Fla. Mar. 21, 2016) (Baker, D.)

11. However, Defendant, by way of this Motion, does not seek to completely bar the Plaintiff from total recovery of the alleged debt. Defendant, by way of this Motion, seeks to limit the pre-suit interest that has accrued on the debt for over 37 years.

12. There is no dispute of fact that the subject debt collected interest from the period of April 9, 1981 to the present.

13. The interest due on the debt nearly triples the amount of principal due on the debt.

14. Judge Thompson noted in *United States v. Davis* the applicability of the doctrine of laches:

> In *S.E.R., Jobs for Progress, Inc.,* 759 F.2d 1, 7 (Fed. Cir. 1985), the court of appeals noted that some relaxation of the principle that laches is not a defense against the government may be developing and that ***exceptions to the rule might be approved in certain cases.*** However, the court in *S.E.R.* also recognized that

most courts that have considered the issue have found that the facts did not justify invoking an exception to the rule. Moreover, the court noted that many courts have continued to adhere to the traditional rule that laches is not a defense against the government, absent a clear manifestation of congressional intent to the contrary.

817 F. Supp. 926, 929 (N.D. Ala. 1993) (emphasis supplied).

15. "[T]o invoke the doctrine of laches, a 'defendant must show: (1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted.'" *Id.* at 929 (citing *Envtl. Defense Fund v. Alexander,* 614 F.2d 474, 478 (5th Cir.)).

16. There is no question that there was considerable delay in asserting the right to repayment.

17. The Complaint alleges that the Plaintiff was assigned the debt in on April 9, 1981. This totals 37 years, 2 months, and 9 days before the date of the filing of the Complaint.

18. There is no reason justified for the delay, and the delay has significantly compounded the interest that has accrued on the debt. The removal of the statute of limitations for collection on the student loan was codified in 1991. *See, e.g., United States v. Newcombe,* 2009 U.S. Dist. LEXIS 52258, 2009 WL 1759587 (M.D. Fla. 2009).

19. The accrual of interest on the alleged debt is a considerable undue prejudice to the Defendant in the instant case.

20. If the amount of interest was limited to six years based on the alleged principal balance on the alleged 7% interest rate, the total accrued, pre-filing interest would total $921.81.

21. However, due to accrued interest from 1981, the accrued pre-filing interest, totals at least $5,377.83.

22. Defendant has sought to resolve the alleged debt through monthly repayments at a

reduced amount but has been able to come to a settlement with Plaintiff.

23. Defendant is not seeking to completely bar recovery on pre-suit interest and understands the relevant case law surrounding the collection of the alleged debt.

24. However, Defendant seeks to reduce the collectable pre-interest accrual to an appropriate period by the application of the doctrine of laches.

**WHEREFORE** Defendant respectfully requests the Court to enter an order granting the Motion, reduce the pre-suit judgment on alleged debt to a maximum of $921.81, and for any further relief this Court deems proper.

Dated:  May 13, 2019

**VAN HORN LAW GROUP, P.A.**
330 N Andrews Ave., Suite 450
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
Email: Chad@cvhlawgroup.com

By: /s/  Chad Van Horn, Esq.
Chad Van Horn, Esq.
Florida Bar No. 64500

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 13, 2019, I have filed the foregoing with the Court's e-Portal system which will cause a service email to be sent to: Steven M. Davis, Esq. located at the law offices of Becker & Poliakoff, P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134, at sdavis@becker-poliakoff.com and such other service emails as are registered for this matter in the e-Portal.

        **VAN HORN LAW GROUP, P.A.**
        330 N Andrews Ave., Suite 450
        Fort Lauderdale, FL 33301
        Telephone: (954) 765-3166
        Facsimile: (954) 756-7103
        Email: Chad@cvhlawgroup.com

By: /s/  Chad Van Horn, Esq.
     Chad Van Horn, Esq.
     Florida Bar No. 64500